UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR BOWLSON,

        Petitioner,

v.                                                   Criminal Case No. 01-80834
                                                         Honorable Arthur J. Tarnow

UNITED STATES OF AMERICA,

        Respondent.

_____/

**ORDER ISSUING IN PART A CERTIFICATE OF APPEALABILITY AS TO NOTICE [328] OF APPEAL**

        On April 16, 2009, this Court denied Bowlson's 28 U.S.C. § 2255 motion to vacate sentence, as well as his motions to amend and for leave to incorporate an addendum. Bowlson appealed this denial.

        For the reasons that follow, the court ISSUES a certificate of appealability as the following claims only: Ineffective assistance of counsel for failure to challenge the admissibility of the confessions (as to the first four robberies) on the ground of involuntariness due to Bowlson's mental illness; Ineffective assistance of counsel for failure to object to Agent Fleming's reference to the confession to the fifth robbery; and Error in allowing Agent Fleming's reference to confession to fifth robbery.

I.  Standard

        An appeal may not be taken from the final order of a district court denying a petition filed pursuant to 28 U.S.C. § 2255 unless a certificate of appealability issues. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate of appealability ("COA") may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the United States Supreme Court explained such a showing requires the petitioner to demonstrate

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."
>
> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id*. at 484 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 and n.4 (1983)).

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a certificate of appealability. *See Murphy v. State of Ohio*, 263 F.3d 466 (6th Cir. 2001) (per curiam).

II.  Claim-by-Claim Analysis

A.  Ineffective assistance of counsel for failure to obtain and present juvenile records to show incompetency

First, Bowlson argues that he received ineffective assistance of counsel, because counsel failed to obtain and use Bowlson's juvenile records, which would have shown that Bowlson had a mental illness caused by childhood trauma and that he was not competent to stand trial.

But no reasonable jurist could reasonably debate whether this court's rejection of this claim was correct.  Bowlson was actively engaged in his trial, and this court even determined that he could represent himself.  The Miller report invoked by petitioner is inapposite, because it concerns Bowlson's mental state at the time of the offenses.

The court therefore declines to certify that this claim is appealable.

B.  Ineffective assistance of counsel for failure to challenge the admissibility of the confessions (as to the first four robberies) on the ground of involuntariness due to Bowlson's mental illness

Second, Bowlson says that counsel rendered ineffective assistance when she failed to challenge the admissibility of his two confessions as to the first four robberies on the basis of his mental incapacity at the time he gave the statements. Bowlson argues that his mental illness rendered those confessions unknowing and involuntary.

The only pertinent counts for this claim are counts 1 through 4. This court believed that there was convincing evidence that Bowlson committed the robberies as charged in those counts and that Bowlson was unable to show prejudice. But the court believes that an evaluation of the countervailing evidence is open to factual dispute and that reasonable jurists could disagree on whether prejudice attached to counsel's supposed ineffective assistance.

Accordingly, the court certifies this claim as appealable.

C.  Ineffective assistance of counsel for failure to object to Agent Fleming's reference to the confession to the fifth robbery

Third, Bowlson maintains that he received ineffective assistance of counsel, because counsel failed to object to agent Fleming's testimony that referenced in passing Bowlson's confession to the fifth robbery. This court had ordered that any reference to the fifth robbery be suppressed.

This claim by Bowlson only pertains to the conviction for the fifth robbery. Bowlson again fails to show prejudice that resulted from his counsel's failure to object to Fleming's statement. Again, this court believed that there was convincing evidence that Bowlson committed the fifth robbery and that Bowlson was unable to show prejudice. But the court believes that an evaluation of the countervailing evidence is open to factual dispute and that reasonable jurists could disagree on whether prejudice attached to counsel's supposed ineffective assistance.

Accordingly, the court certifies this claim as appealable.

D.  Error in allowing Agent Fleming's reference to confession to fifth robbery

Fourth, Bowlson states that the "government erred" when it presented agent Fleming's testimony that referenced the confession to the fifth robbery. Although Bowlson presents this as

3

a "government error," the court construed his claim as a violation of his due-process rights.

The court certifies this claim for the same reason that the previous claim is certified as appealable.

### E.  Motion to amend

Petitioner moved to amend his § 2255 motion to include a claim that says that the third superseding indictment, which was entered just before defendant's trial, without re-submission to the grand jury in violation of his Fifth Amendment right to indictment by grand jury.

The court declines to certify this claim as appealable.  The third superseding indictment shows the foreperson's signature which certifies that the indictment is a true bill.  There is no reasonable debate as to the merits of this claim: any amendment would be futile.

### F.  Motion for leave to incorporate addendum

Bowlson argues that the court did not have jurisdiction over this case, because the indictment was not returned by the whole grand jury in open court.  Or, movant maintains, there is no evidence in the record that the indictment was returned in open court as required by Fed. R. Crim. P. 6(f).  Bowlson's accompanying argument is that counsel rendered ineffective assistance when she failed to move to dismiss the indictment for lack of jurisdiction on the ground that the indictment was not properly returned.

The court declines to certify these claims as appealable.  Any failure to return the indictment does not cast substantial doubt on the grand jury's decision to indict.  *U.S. v. Lennick*, 18 F.3d 814, 817 n.2 (9th Cir. 1994) (abrogating *Renigar v. U.S.*, 172 F. 646 (4th Cir. 1909), relied upon by petitioner).

For the reasons discussed, the court ISSUES a certificate of appealability as to some, but not all, of Bowlson's claims.

SO ORDERED.

4

        S/ARTHUR J. TARNOW
        Arthur J. Tarnow
        United States District Judge

Dated: June 3, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 3, 2009, by electronic and/or ordinary mail on Arthur Bowlson.

        S/FELICIA M. MOSES
        Relief Case Manager